Michelle S. Kallen
202 429 6415
mkallen@steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

June 9, 2026

**VIA CM/ECF**

Clifton Cislak
Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Ave NW
Washington, DC 20001

> Re:    ***In re Cent. Me. Power Co.*, No. 26-1086**
> Rule 28(j) Notice of Supplemental Authority

Dear Mr. Cislak:

The Court's opinion in *MISO Transmission Owners v. FERC*, No. 25-1045, Slip op. (D.C. Cir. June 5, 2026) does not control the issues here. *MISO* held that FERC may, in limited circumstances, order retroactive relief when correcting an error that was vacated on judicial review.

Contrary to the Commission's assertion, the issue here is not the same "retroactive ratemaking challenge" addressed in *MISO*. As Petitioners explained, this matter is fundamentally different. Pet. at 6 n.1; Pet'r's Reply Br. at 16–17. In *MISO*, FERC revisited rate determinations previously made that had operative legal effect before being vacated for error; the Court permitted FERC, on remand, to adjust the consequences of those vacated determinations by backdating the replacement rate to the date of the Section 206 step-one finding. The Court vacated the orders because FERC failed at ***step two*** to explain why it reintroduced a model after initially rejecting it. *MISO Transmission Owners v. FERC*, 45 F.4th 248, 264 (D.C. Cir. 2022). The Court's analysis did not address the propriety of the step-one finding.

Here, by contrast, FERC's error arose at ***step one***. *Emera Maine v. FERC*, 854 F.3d 9, 27 (D.C. Cir. 2017). FERC, therefore, never acquired authority under Section 206 to replace the rate. Without a lawful step-one finding, there is no prior rate determination for the Commission to "correct." Opinion 594, unlike the Order in *MISO*, does not repair a defective rate; it establishes one for the first time and seeks to apply it retroactively over more than a decade. *See* Pet. 19–24; Reply 15–17.

*MISO's* limited holding permitting correction of a prior operative rate determination does not authorize FERC to create a rate years later and treat it as if it had always been in effect. Extending *MISO* to these circumstances would convert its narrow remedial exception into a general license for retroactive ratemaking untethered to any prior lawful rate determination. *MISO* does not control here.

Sincerely,

*/s/ Michelle S. Kallen*
Michelle S. Kallen
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC  20036
(202) 429-6415
mkallen@steptoe.com

*Counsel for Eversource Energy Service Company on behalf of The Connecticut Light and Power Company, NSTAR Electric Company, and Public Service Company of New Hampshire*

cc:  Counsel of record (via CM/ECF)

**CERTIFICATE OF COMPLIANCE**

I, Michelle S. Kallen, counsel for Eversource Energy Service Company on behalf of The Connecticut Light and Power Company, NSTAR Electric Company, and Public Service Company of New Hampshire, hereby certify that this letter complies with the type-volume limitations of Fed. R. App. P. 28(j) because the body of the letter contains 321 words.

*/s/ Michelle S. Kallen*
Michelle S. Kallen
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
(202) 429-6415
mkallen@steptoe.com

*Counsel for Eversource Energy*
*Service Company on behalf of The*
*Connecticut Light and Power*
*Company, NSTAR Electric*
*Company, and Public Service*
*Company of New Hampshire*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 9, 2026, I electronically filed the foregoing document with the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Michelle S. Kallen*
Michelle S. Kallen
Steptoe LLP
1330 Connecticut Avenue NW
Washington, DC 20036
(202) 429-6415
mkallen@steptoe.com

*Counsel for Eversource Energy Service Company on behalf of The Connecticut Light and Power Company, NSTAR Electric Company, and Public Service Company of New Hampshire*